David Henderson
Law Offices of David Henderson
3003 Minnesota Drive, Suite 203
Anchorage, AK 99503
Phone: 907-677-1234
Fax: 888-965-9338
dh@henderson-law.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Eduardo Reyes, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| United States of America; | ) |
| Ann Nora Ehret, D.O.; | ) |
| Kyland Burden, D.O.; | ) |
| | ) |
| Defendants. | ) Case No. _____ |
| | ) |

## **COMPLAINT FOR MEDICAL MALPRACTICE**

COMES NOW PLAINTIFF, Eduardo Reyes, and alleges as follows:

### **Parties and Jurisdiction**

1)      Plaintiff Eduardo Reyes [hereinafter "Eduardo"], at all times pertinent, was living in Alaska, and is currently a resident of Rialto, California.

2)      The Iliuliuk Family and Health Service Clinic (hereinafter "the Clinic"), was and is a state-of-the-art clinic situated in or near Unalaska, Alaska, offering comprehensive

health care to the public.

3)    The Clinic is owned and operated by Iliuliuk Family and Health Services, Inc. [hereinafter "IFHS, Inc."], a non-profit corporation organized and existing under the laws of the State of Alaska.

4)    Upon information and belief, IFHS, Inc. receives funding from, and is an agent or instrumentality of, Defendant United States vis-a-vis the Indian Health Service.

5)    Any medical malpractice committed by the Clinic or IFHS, Inc. through their employees, agents, and instrumentalities is actionable under the *Federal Tort Claims Act*, 28 USC §§ 1346, 2401, and 2671, *et seq*.

6)    The instant action is properly brought pursuant to the *Federal Tort Claims Act*, 28 USC §§ 1346, 2401, and 2671, *et seq*.

7)    Upon information and belief, Defendant Ann Nora Ehret, D.O., (hereinafter "Dr. Ehret") is and at all relevant times was, a Doctor of Osteopathy, licensed to practice and practicing osteopathic medicine in Alaska (License #MEDO6019), and was an employee and/or agent of IFHS, Inc., working at the Clinic.

8)    Upon information and belief, Defendant Kyland Burden, D.O., (hereinafter "Dr. Burden") is, and at all relevant times was, a Doctor of Osteopathy, licensed to practice and practicing osteopathic medicine in Alaska (License #MEDO6090), and was an employee and/or agent of IFHS, Inc., working at the Clinic.

COMPLAINT FOR MEDICAL MALPRACTICE
*Reyes v. U.S.A.*                    2

9) Dr. Ehret and Dr. Burden, and other medical practitioners, who were either employed or deployed by the Clinic and/or IFHS, Inc., to render diagnosis and treatment of patients, and who were acting within the scope of their employment and/or agency, tended-to and treated Eduardo during his visits and/or stays at the Clinic.

10) Eduardo was Dr. Ehret's and Dr. Burden's patient and the patient of the Clinic and/or IFHS, Inc.

11) Dr. Ehret and Dr. Burden were, at all times pertinent, acting as agents and/or co-participants of each other and of Defendant United States of America.

12) More than six months ago, Eduardo submitted an administrative claim for the medical malpractice alleged herein, on Standard Form 95, to the appropriate federal agency.

13) The agency has denied the claim.

### General Allegations and Claims

14) On or about February 5, 2019, Eduardo presented himself to the Clinic complaining of a worsening dry cough of two weeks duration and right knee pain. The rendering physician was Dr. Ehret.

15) Upon Dr. Ehret's physical examination, Eduardo's blood pressure was 182/114, a substantial elevation in both systolic and diastolic pressures.

16) On February 15, 2019, Eduardo presented to the Clinic complaining of diarrhea, vomiting, and pleuritic chest pain. The rendering physician at this visit was Dr. Burden.

COMPLAINT FOR MEDICAL MALPRACTICE
*Reyes v. U.S.A.*                    3

17)    Dr. Burden documented a normal physical examination, with the exception of a blood pressure of 168/98.

18)    Eduardo again presented to the Clinic, this time on March 1, 2019, having been sent there from the Unisea dispensary (Eduard worked for Unisea), for headache and blood pressures of 176/119 and 157/118. Dr. Ehret was again the attending physician.

19)    On physical examination, Eduardo's blood pressure was 144/98. Dr. Ehret assessed acute tension-type headache and elevated blood pressure without diagnosis of hypertension.

20)    Eduardo next presented at the Clinic on March 8, 2019, with signs and symptoms of a stroke. He had been found unconscious but rousable in a restroom at Unisea with left arm weakness, altered consciousness, NIHSS stroke score of 23, and Glasgow coma scale of 14. His blood pressure was 200/134.

21)    Sarah Spelsberg, PA, the attending provider, diagnosed left arm weakness, left facial weakness, and cerebral vascular incident. She arranged a medivac for Eduardo to Anchorage.

22)    At Providence Alaska Medical Center in Anchorage, Eduardo was diagnosed with non-traumatic intracerebral hemorrhage.

23)    Eduardo was hospitalized for eight days and then discharged to a rehabilitation center.

COMPLAINT FOR MEDICAL MALPRACTICE
*Reyes v. U.S.A.*                              4

24)     Despite rehabilitation, Eduardo suffers from lifelong neurologic and incapacitating disability as a consequence of his non-traumatic intracerebral brain hemorrhage.

25)     Dr. Ehret and Dr. Burden failed to properly and fully assess, diagnose, monitor, and treat Eduardo's high blood pressure condition, and thus were negligent.

26)     As a direct and proximate result of the negligent medical care and treatment by Dr. Ehret and Dr. Burden, Eduardo suffered a series adverse sequelae and consequences, including, but not limited to, a massive, acute, severe, stroke or hypoxic infarct event in the brain.

27)     The adverse event(s) has precipitated, among other adverse conditions, paralysis and permanent brain damage.

28)     The medical care and treatment alleged herein fell below that applicable to, and expected of, practitioners in the respective fields, specialties, and certifications in which the medical care providers were practicing, and constituted negligence and recklessness for purposes of AS 09.55.549(f).

29)     As a direct and proximate result of the negligent care and treatment alleged herein, Eduardo has suffered and will continue to suffer the following economic losses, both past and future: (a) medical care and treatment; (b) nursing- and palliative- care; (c) loss of earnings and earning capacity; (d) loss of household- and non-market services; and, (e) other consequential and out-of-pocket expenses and damages, as allowed by AS 09.55.549(c).

COMPLAINT FOR MEDICAL MALPRACTICE
*Reyes v. U.S.A.*                              5

WHEREFORE Plaintiff prays for judgment awarding --

1)    Compensatory damages in the minimum amount of $100,000.00, the exact amount to be proved at trial;

2)    Costs and attorney's fees as may be allowable, and;

3)    Any other relief the court deems equitable or appropriate.

DATED at Anchorage, Alaska, this 16th day of January, 2020.

LAW OFFICES OF DAVID HENDERSON

Attorneys for Plaintiff Eduardo Reyes

s/ David Henderson
David Henderson  #9806014

COMPLAINT FOR MEDICAL MALPRACTICE
*Reyes v. U.S.A.*                    6